UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHAWN MCCLEAN,

                Plaintiff,

      -against-

JOEL CUMMING, EDUARD SANDOVAL,
NYSIA STROUD and MICHELLE HANSON.

                Defendants.
------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial

14 CV 7454 (RRM) (JO)

      Plaintiff SHAWN MCCLEAN (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.   Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2.   The action is brought pursuant to 42 U.S.C. §§1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3.   Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.   Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Kings, State of New York.

7. Defendants Cumming, Sandoval, Stroud and Hanson are officers with the NYPD and are/were assigned to the 71st precinct at the time when plaintiff's claims arose. They are sued in their individual, supervisory and official capacities.

## FACTS

8. On April 8, 2014, around 6 p.m., plaintiff a veteran and former Sergeant in the United States Army was driving home after completing studies at Medgar Evers College. Plaintiff served in the United States Army for nearly 7 years which included two (2) tours in Iraq and one (1) tour in Kuwait.

9. Plaintiff was with his friend, Robert Jordan Harris, when defendants Cumming and his sergeant defendant Sandoval stopped him in the vicinity of Franklin Avenue in Brooklyn, New York.

10. Although plaintiff had not committed any traffic infraction, defendant Cumming approached plaintiff's vehicle and accused him of making a turn at a "no turn" sign.

11. Upon request, plaintiff provided his driver's license and his military identification to Cummings.

12. Upon inspecting both identifications, Cummings threw plaintiff's identifications back at him.

13. Plaintiff stated that Cummings was being "rude" and told him to "just give me a ticket."

14. Cummings and Sandoval went back to their squad car and after a few minutes came back to plaintiff's vehicle and ordered him to get out of the car.

15. Plaintiff asked why he was being harassed and simply requested the ticket. However, Cummings dragged plaintiff out of the vehicle and started to spray him with mace.

16. As Cummings maced plaintiff for approximately 1 minute, defendant Sandoval simply stood there and although given an opportunity failed to intervene the assault on plaintiff.

17. Soon thereafter, another NYPD car arrived occupied by defendants Stroud and Hanson. Even though plaintiff was not resisting, these defendants used their asp on plaintiff and dragged him all over the roadway. Defendant Sandoval simply stood there.

18. Plaintiff was taken to the 71st precinct, booked, had his arrest processed and then taken to central booking. Plaintiff was brought before a judge 28 hours later where the judge released him on his own recognizance.

19. Plaintiff learned that he was booked on fabricated charges of OGA, resisting arrest and Disorderly conduct.

20. Plaintiff took an ACD because the defendants stacked the deck against him by filing false charges.

21. Charging individuals with resisting arrest when use of force is involved is

an endemic problem within the NYPD who use that charge as leverage when an arrestee has been assaulted or has been a victim of police brutality.

22. The problem is so prevalent that the NYPD recently issued new guidelines to monitor arrests involving "resisting arrest" and use of force. The NYPD recognizes this as a widespread problem with their members simply charging individuals with "resisting arrest" each and every time they use excessive force.

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive use of force/false arrest-Fourth Amendment)

23. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

24. Plaintiff was pulled over for a traffic infraction.

25. Instead of simply giving plaintiff a traffic ticket, defendants assaulted him and falsely arrested him on fabricated charges.

26. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive force, false arrest and assault were violated.

### AS AND FOR A SECOND CAUSE OF ACTION
(Denial of Right to a Fair Trial)

27. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

28. Defendant Cummings falsified charges against plaintiff.

29. Defendant Cummings then forwarded the fabricated charges to ensure that plaintiff would be falsely detained for over 24 hours.

30. But for the false charges, plaintiff would not have spent any time in custody.

31. Defendants lied about plaintiff's traffic infraction because he was never given a ticket for an "illegal turn."

32. As a result of defendants' unlawful conduct, plaintiff's constitutional rights were violated.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene)

33. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

34. Defendant Sandoval witnessed his sub-ordinates unlawfully attack and assault and use unnecessary force upon plaintiff.

35. Despite witnessing the alleged assault on plaintiff, defendant Sandoval failed to intervene.

36. Defendant Sandoval had ample opportunity to stop the further assault on plaintiff but yet simply stood there and allowed plaintiff to be further assaulted.

37. As a result of defendants' conduct, plaintiff suffered constitutional injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

39. Defendant Sandoval was the supervisor on the scene.

40. Defendant Sandoval knew that plaintiff had not committed the crimes that plaintiff was being charged with.

41. Sandoval also knew that plaintiff was not given a traffic ticket for the alleged traffic infraction. Yet Sandoval failed to supervise his sub-ordinates.

42. Sandoval's actions or lack there-of makes him liable under his supervisory capacity and plaintiff suffered injuries as a result.

**WHEREFORE,** the Plaintiff requests that this Court:

a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount of one hundred thousand dollars for each and every cause of action,

b. Award the costs of this action to the Plaintiff.

c. Award reasonable attorneys fees, cost and expenses,

d. Award punitive damages in an amount to be determined by a jury,

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
June 1, 2015

> PAWAR LAW GROUP P.C.
> 20 Vesey Street, Suite 1210
> New York, New York 10007
> (212) 571-0805
>
> By: /s/ Vik Pawar
> Vik Pawar (VP9101)